UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIIA KHARLANOVA,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, et al.,<br><br>Defendants. | Case No. 24-cv-09239-TSH<br><br>**ORDER GRANTING REQUEST TO CONTINUE STAY AND ORDER TO SHOW CAUSE** |

On February 19, 2025, the Court stayed this case to allow United States Citizenship and Immigration Services time to adjudicate Plaintiff Marila Kharlanova's application for asylum and withholding of removal. ECF No. 15. The parties stipulated to continue the stay until November 4, 2025, on which date the parties were to request a further continuance of the stay, dismissal, or placement of the case back on the court's active docket. ECF No. 17. After the parties failed to file anything, on November 5, 2025, the Court ordered the parties to file a joint status report by November 12, 2025. ECF No. 18.

On November 5, 2025, Defendants filed a status report and motion to stay all the deadlines in this case until December 4, 2025, or until after Congress has enacted funding for the Department of Justice and the shutdown of the federal government has come to an end, whichever occurs later. ECF No. 19. Although Plaintiff's response to the motion was due November 10, 2025 (Civ. L.R. 7-11(b)), Plaintiff did not file an opposition or otherwise respond. Accordingly, the Court **GRANTS** Defendants' motion to continue the stay in this action until December 4, 2025, at which time the parties shall file a request to continue the stay, a dismissal of the litigation, or a joint status report.

Defendants also state that on July 3, 2025, United States Citizenship and Immigration

Services received notification that Plaintiff had passed away and, consequently, Plaintiff's asylum application was withdrawn. Mot. at 2. Defendants have been unable to contact the deceased Plaintiff's counsel, Svetlana Kaff, to request the dismissal of this case. *Id.* Defendants note that Ms. Kaff is listed on the California State Bar's website as "inactive" since July 8, 2025, *see* https://apps.calbar.ca.gov/attorney/Licensee/Detail/220911, and that on July 30, 2025, Plaintiff's counsel filed for Chapter 7 bankruptcy. Mot. at 2; *see Law Offices of Svetlana L. Kaff, P.C.*, No. 3:25-bk-30600. Defendants also note that in a different case involving the same counsel, the Honorable Susan Illston issued an Order to Show Cause to counsel and granted the government's administrative motion to stay. *See Demysheva v. Mayorkas*, No. 24-cv-06750-SI, ECF. No. 12 (N.D. Cal. Aug 1, 2025). On August 19, 2025, Judge Illston issued an order referring Plaintiff's counsel to this District's Standing Committee on Professional Conduct. *Id.*, ECF No. 15. On September 2, 2025, the Honorable Donna Ryu issued an Order Granting Motion to Continue Stay and Order to Show Cause to counsel and granted the government's administrative motion to stay. *See Lukach v. Mayorkas*, No. 24-cv-06748-DMR, ECF No. 16 (N.D. Cal Sept 2, 2025).

In light of the above, Ms. Kaff is **ORDERED TO SHOW CAUSE** why she should not be sanctioned for failing to provide a status report and for failing to respond to Defendants' motion. Ms. Kaff shall file a written response that explains the following: (1) Ms. Kaff's inactive status with the State Bar of California; (2) the bankruptcy proceedings for her law firm, Law Offices of Svetlana L. Kaff, P.C.; (3) why she failed to communicate with Defendants' counsel to file a joint status report; and (4) why she failed to respond to Defendants' motion. Ms. Kaff is **FURTHER ORDERED TO SHOW CAUSE** concerning the status of this case. Specifically, Ms. Kaff shall confirm whether Plaintiff has passed away and if her asylum application was withdrawn. Ms. Kaff shall file her response no later than November 20, 2025. Ms. Kaff shall also serve a copy of her response on Plaintiff or her estate and file a proof of service thereof. Ms. Kaff is warned that failure to respond may result in an additional referral to the Standing Committee on Professional Conduct, as well as any other sanctions that may be appropriate.

No later than December 4, 2025, Defendants shall serve a copy of this order on Plaintiff or her estate by any means reasonably necessary to provide actual notice, including, but not limited

1  to, serving Plaintiff or her estate at the address listed in her petition for writ of mandamus (ECF
2  No. 1 ¶ 1) or a more recent residential address if Defendants are aware of one for Plaintiff or her
3  estate.  Defendants shall promptly file a proof of service thereof.
4  **IT IS SO ORDERED.**

6  Dated: November 13, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge